IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH RODRIGUEZ,                   :
    Plaintiff,                         :

      v.                     FILED CIVIL ACTION NO. 19-CV-605

COURT SHERIFF OFFICIAL,     FEB 2 2 2019
    Defendant.              KATE BARKMAN, Clerk
                      By_____Dep. Clerk

## MEMORANDUM

**TUCKER, J.**                                    **FEBRUARY 19, 2019**

Plaintiff Joseph Rodriguez, a prisoner incarcerated at SCI-Phoenix, brings this *pro se*

civil action pursuant to 42 U.S.C. § 1983 based on allegations that an officer who transported

him ran a red light, causing him injuries. He seeks to proceed *in forma pauperis*. For the

following reasons, the Court will grant Rodriguez leave to proceed *in forma pauperis* and

dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS

Rodriguez brings this case against an unknown John Doe Defendant, identified as a "court

sheriff official." Rodriguez alleges that on December 6, 2016, the Defendant was transporting

him from court to the Curran-Fromhold Correctional Facility. Rodriguez alleges that the

Defendant "ate the red-light at 12th, and [an unknown street] causing [a] serious accident, and

injuring [Rodriguez]." (Compl. at 4.)[1] Rodriguez was taken to the hospital where he was treated

for injuries to his back and "mental issues." (*Id.*) He received medication and therapy for "many

months" after the accident to treat his injuries. (*Id.*)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

Based on those allegations, Rodriguez brings an Eighth Amendment claim pursuant to 42 U.S.C. § 1983, claiming that the Defendant violated his rights through "carelessness" by jeopardizing his life "upon going [through] a red light."[2] (*Id.* at 7.) Rodriguez seeks compensatory and punitive damages.

## II.    STANDARD OF REVIEW

The Court grants Rodriguez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Rodriguez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts addressing inmates' Eighth Amendment claims that they were injured while being

---

[2] Rodriguez indicates that he was a convicted and sentenced state prisoner at the time of the events in question.

[3] However, as Rodriguez is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(b).

transported to or from prison have generally evaluated those claims using the familiar deliberate indifference standard.[4] *See, e.g., Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1040 (8th Cir. 2004) (per curiam). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Courts addressing claims similar to those raised by Rodriguez have concluded that allegations of reckless driving such as speeding or slamming the breaks, even when coupled with the absence of safety restraints, do not rise to the level of deliberate indifference sufficient to state a claim. *See Otero v. Catalogne*, No. 08-282 ERIE, 2010 WL 3883444, at *11 (W.D. Pa. Sept. 28, 2010) (dismissing deliberate indifference claim where "despite Plaintiff's conclusory allegations that Defendant Canada 'intentionally' drove recklessly with 'total disregard' for Plaintiff's safety, Plaintiff has not alleged that he asked Defendant Canada to stop driving recklessly, and that such a request was consciously ignored"); *Bryant v. Downs*, No. 609-CV-1670-ORL28KRS, 2010 WL 2593564, at *5 (M.D. Fla. June 28, 2010) (dismissing deliberate indifference claim where plaintiff alleged that "the drivers continually slammed on the breaks or took turns too quickly, which resulted in the prisoners being thrown back and forth across the van, as they had no seat belts"); *Grisby v. Cotton*, No. CV408-214, 2009 WL 890543, at *1 (S.D. Ga. Mar. 31, 2009) (dismissing constitutional claim where inmate alleged that the defendant "was traveling in excess of the posted speed limit and collided with a white truck, which was

---

[4] The Fourth Circuit analyzes claims against transport drivers who have injured inmates in the course of transport as excessive force claims. *See Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 99 (4th Cir. 2017).

apparently stopped at a red light" while the inmate's hands were shackled to his feet and he was not wearing a seatbelt). In contrast, where the inmate's allegations of reckless driving are coupled with allegations that the driver intended harm, refused to slow down after being asked, or declined to fasten an inmate's seatbelt despite the inmate's protestations, courts have found a basis for deliberate indifference. *See Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (prisoner stated claim where he alleged that defendant "operated the prison van recklessly, knowing that there was a substantial risk that [plaintiff] would be injured if the van stopped abruptly because [plaintiff] was shackled in leg irons and handcuffs and was not provided with a seatbelt" and because defendant "told another officer that other inmates similarly had been injured the prior week and during other incidents, which 'happen [ ] all the time.'"); *Brown*, 353 F.3d at 1040 ("We conclude Brown stated a claim against the five COs involved in transporting the inmates, as he alleged he asked them all to fasten his seatbelt, but they refused."); *see also Scott v. Becher*, 736 F. App'x 130, 133 (6th Cir. 2018) (rejecting qualified immunity where the defendant "was driving above the speed limit, swerving, and generally driving recklessly" and when the inmates begged him to slow down, "refused, laughed, and instead accelerated"). In other words, "[t]he common thread running through the . . . cases upholding inmates' Eighth Amendment claims against transport drivers is that, in each case, the court found that the driver had consciously disregarded the inmate's pleas to stop driving recklessly and thereby manifested indifference for the inmate's safety." *Otero v. Catalogne*, No. 08-282 ERIE, 2010 WL 3883444, at *11 (W.D. Pa. Sept. 28, 2010).

Here, Rodriguez's only allegation is that the official transporting him from the sheriff's department ran a red light, causing an accident and serious injuries. However, that allegation amounts at most to reckless driving. Nothing in the Complaint suggests that the Defendant acted

4

with an intent to harm Rodriguez or drove in a consistently reckless manner over Rodriguez's or other inmates' complaints. While the Court does not condone running a red light and while it is unfortunate that Rodriguez was injured, Rodriguez has at most alleged that he was in a traffic accident as a result of Defendant's bad driving and has thus failed to state a plausible deliberate indifference claim.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Rodriguez's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[6] As it is possible Rodriguez could cure the defects in his claims, he may file an amended complaint. An appropriate Order follows.

**BY THE COURT:**

_(signature)_

**PETRESE B. TUCKER, J.**

---

[5] Similarly, Rodriguez failed to state a claim using an excessive force standard, *see Thompson*, 878 F.3d at 99, because nothing in his allegations suggests that the Defendant used force maliciously or sadistically to cause him harm. *See Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (explaining that force is excessive when used "maliciously and sadistically to cause harm" (internal quotations omitted)).

[6] There is also a question regarding whether Rodriguez's claims are timely. Pennsylvania's two-year limitations period applies to Rodriguez's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run when the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, Rodriguez's claims accrued on December 6, 2016, the date he was injured in the accident. He did not file his Complaint until February 6, 2019 at the earliest, as that is the date listed on the cover letter he submitted with his complaint. (*See* Compl. at 15.); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court). However, the statute of limitations is tolled while a prisoner exhausts administrative remedies in accordance with the PLRA. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015). At this stage of the litigation, it is not clear whether Rodriguez's claim is the type that he would be required to exhaust and, if so, the amount of tolling to which he would be entitled.